MR. JUSTICE HODGES
delivered the opinion of the Court.
Attorney-Respondent Donald F. Meyers, who was admitted to the practice of law in Colorado on March 23, 1950, is now ordered disbarred for flagrant disregard of his professional responsibilities to several clients.
The grievance committee of this court conducted a hearing on complaints filed against the respondent by former clients, each of whom alleged that the respondent had failed and neglected to handle the matters which had been entrusted to him and that, as a consequence, certain losses accrued to them and they were required eventually to retain other counsel to properly complete these matters.
Upon the completion of a hearing at which detailed testimony of the complainants and other evidence was presented, the grievance committee submitted its report setting forth its findings of fact and its *104 recommendation that the respondent be disbarred. No exception to the report or the recommendation has been made by the respondent. We adopt the committee’s findings of fact and agree with its recommendation.
Involved in this disciplinary action were the complaints of former clients named McDonald, Keeling and Ashlock, each of whom had retained the respondent to handle important estate and property matters for them. From the findings of fact by the grievance committee, a brief account of the evidence as to each complaint is set forth.
After the death of Mr. McDonald, the surviving spouse retained the respondent to handle the decedent’s estate. He took certain initial steps to activate an estate proceeding and did nothing further therein. Also, he failed to file a required Colorado Inheritance Tax application. The estate procedures which he did initiate were not necessary because all of the decedent’s property was held in joint tenancy. For over two years, numerous attempts were made by the surviving spouse and her daughter to learn from the respondent what progress had been made in the estate. None of the contacts with the respondent were productive, and it became increasingly difficult to even contact him. Finally, the surviving spouse employed another attorney, who experienced extreme difficulty in obtaining the estate file from the respondent.
In the Keeling matter, the respondent was employed to handle the transfer of a decedent’s estate which consisted of a number of jointly owned parcels of real estate in the State of Colorado. The widow of the decedent resided in Tucson, Arizona. After sixteen months, during which time the widow was unable to contact the respondent to determine what progress had been made in transferring the property to her name and preparing and filing the necessary inheritance tax returns, she employed an Arizona attorney to attempt to expedite the proceedings. This attorney, however, was unsuccessful through correspondence to secure any information. Finally, the widow was required to employ a Colorado attorney to prepare the necessary inheritance tax returns and to effect the transfer to her of the property involved.
Because of the respondent’s complete lack of responsibility in handling this matter, the widow not only lost the sale of one of the parcels of property but also became liable for interest and penalty because of the late filing of the Colorado Inheritance Tax application.
The Ashlocks had sold certain ranch property and they had taken back a promissory note secured by a deed of trust for a portion of the purchase price. Over twelve years after the sale, an error in the description of the real property as described in the trust deed was discovered. The respondent prepared this trust deed on the basis of an abstract which was not applicable to the property involved. After discovery of the mistake, the Ashlocks conferred with the respondent and delivered to him the promissory note, the trust deed, and the abstract applicable to the *105 property involved. The respondent was employed to correct the error in the trust deed.
The trust deed and the promissory note provided that the purchaser of the property would be entitled to a partial release of 20 acres of the land when his principal payments amounted to $10,000 and that additional partial releases would be given to the buyer when the payments amounted to $20,000 or over.
Although the respondent promised to have the necessary corrections made within several days, he did nothing. Consequently, when the purchaser became eligible to receive a partial release and requested the same, the Ashlocks were unable to comply. The Ashlocks made numerous attempts to contact the respondent. The initial attempts were for the purpose of requesting immediate action on the respondent’s part. When the respondent continued to do nothing, the later attempts to contact the respondent were for the purpose of recovering possession of the promissory note, the deed of trust, and the abstract to the property. These items were never recovered from the respondent.
The Ashlocks were required to hire another attorney to accomplish, without the use of the original promissory note, deed of trust and abstract, what the respondent had been requested to do when these items were turned over to him. Because of the respondent’s utter disregard of his duties and responsibilities with respect to the Ashlocks, they were required to defend a specific performance suit brought against them by the purchaser; they were required to furnish a bond to the public trustee with regard to the execution of a partial release; and they incurred the additional attorney’s fees made necessary because of the difficulties imposed upon the new attorney by the reprehensible and inexcusable conduct of this respondent.
In the three cases above reviewed, the grievance committee found after the hearing that the allegations of the complaints against this respondent were sustained by clear and convincing evidence. It also concluded that “the respondent has been guilty of gross neglect and a flagrant disregard of his professional responsibilities, and that he should be removed from the practice of law. . . .” We hold that the actions of this respondent are utterly repugnant to the highest standards of honesty, morality, and justice, which are the benchmarks of the legal profession. The severest discipline is thus required in this case. We also make note of the fact that we previously administered a public censure to this respondent in connection with other prior breaches of his duties and responsibilities as a lawyer. See People v. Meyers, 188 Colo. 47, 532 P.2d 724 (1975).
The costs incurred in this disciplinary proceeding are $455.63. It is ordered that the respondent pay this amount to the Clerk of the Supreme Court within ninety (90) days.
*106 The respondent is ordered disbarred.